UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL EDGIN,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | Case No. 20-cv-07565-RMI<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. No. 7 |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has filed a motion to proceed *in forma pauperis* and has consented to the jurisdiction of a Magistrate Judge (dkts. 7, 8).

## BACKGROUND

Petitioner was convicted of having sexual intercourse with a child ten years of age or younger, lewd or lascivious act on a child under 14 and of continuous sexual abuse of a child under 14. *People v. Edgin*, No. H043305, 2018 WL 3031767, at *1 (Cal. Ct. App. June 9, 2018). Petitioner was sentenced to 50 years to life in state prison. *Id*. The California Court of Appeal affirmed the judgment. *Id*. The California Supreme Court denied review. Pet. (dkt. 6) at 3. Petitioner's state habeas petitions were denied. *Id*. at 3-4

## DISCUSSION

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and must] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief petitioner asserts that: (1) he received ineffective assistance of counsel; and (2) there was insufficient evidence to support the convictions. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1. The motion to proceed in forma pauperis (dkt. 7) is **GRANTED**. The Clerk of Court shall serve, by electronic mail, a copy of this order and a Magistrate Judge Jurisdiction consent form on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The Clerk also shall serve a copy of this order on Petitioner by regular mail. Respondent can view the Petition on the electronic docket (dkt. 6).

2. Respondent shall file with the court and serve on Petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of *habeas corpus* should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

If Respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within fourteen (14) days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 16, 2020

ROBERT M. ILLMAN
United States Magistrate Judge