UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL EDGIN,<br>   Petitioner,<br>  v.<br>PATRICK COVELLO,<br>   Respondent. | Case No. 20-cv-07565-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 24 |

Darrel Edgin, a pro se state prisoner, has filed a habeas petition under 28 U.S.C. § 2254. Respondent filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Edgin filed an opposition (Dkt. No. 26) and respondent filed a reply. Edgin filed a sur-reply (Dkt. No. 28).

The Court reviewed the filings and found that the petition appeared untimely unless Edgin was entitled to equitable tolling. He was provided an opportunity to file further briefing to address how the Covid-19 pandemic impeded his ability to meet the filing deadline. Dkt. No. 29 at 7. Edgin has filed additional briefing (Dkt. Nos. 33, 36) that the Court has reviewed. The motion to dismiss is granted.

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the

constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by United States Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

**Background**

In January 2016, a jury convicted Edgin of two counts of sexual intercourse with a child 10 years or younger and three counts of lewd or lascivious conduct acts with a child under 14. Motion to Dismiss ("MTD") Ex. A. Edgin was sentenced to a total term of 50 years to life consecutive to 8 years. *Id*.

On June 19, 2018, the California Court of Appeal affirmed the conviction. *Id*. On September 12, 2018, the California Supreme Court denied review. *Id*. Ex. B.

On October 23, 2018, Edgin filed a habeas petition in the Santa Clara County Superior Court. *Id*. Ex. C at 7 of 19.[1] The petition was denied on January 15, 2019. *Id*. Ex. D.

---

[1] The Court applies the "mailbox rule" to the filing of Edgin's pro se habeas petitions in state and federal court. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

2

On March 6, 2019, Edgin filed a habeas petition in the California Court of Appeal which was denied on March 21, 2019. *Id*. Ex. E.

On May 8, 2019, Edgin filed a habeas petition in the California Supreme Court which was denied on August 28, 2019. *Id*. Ex. F.

On October 11, 2020, Edgin sent a letter to this Court seeking an extension to file his federal habeas petition due to restrictions accessing the law library due to Covid-19. Dkt. No. 1 at 6. The letter was opened as a new case.[2] Edgin submitted his federal habeas petition on October 22, 2020. Dkt. No. 6 at 6.

**Discussion**

Edgin had ninety days from September 12, 2018, when the state high court denied review, to file a petition for writ of certiorari with the United States Supreme Court. *See Bowen*, 188 F.3d at 1159. He did not do so. As a result, the one-year limitations period began to run on December 12, 2018, the day after the ninety-day deadline expired, giving Edgin until December 11, 2019, to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitations period according to Federal Rule of Civil Procedure 6(a)). Consequently, the petition filed on October 11, 2020, is untimely unless Edgin is entitled to tolling.

On the record before the Court, he is not eligible for a period of tolling that would make his petition timely. To start, the one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The salient question for tolling purposes is whether a properly filed "application" is pending in state court, and not whether any particular claim was contained in that application. *Gaston v. Palmer*, 417 F.3d 1030, 1040 (9th Cir. 2005) (distinguishing between the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), which is determined on a claim-by-claim basis, and the "properly filed" requirement of § 2244(d)(2), which is determined by looking at the application for state habeas

---

[2] The Court construes this federal habeas as initiated on October 11, 2020, when the case was opened upon receipt of Edgin's letter. Regardless, as noted below, this case is still untimely.

relief as a single entity), *amended*, 447 F.3d 1165 (9th Cir. 2006).

Edgin filed state habeas petitions in each level of the state courts, starting on October 23, 2018, and concluding when the California Supreme Court denied his petition on August 28, 2019. The first petition was filed in the Santa Clara County Superior Court prior to the commencement of the statute of limitations period. As a result, Edgin is entitled to statutory tolling from the commencement of the limitations period until August 28, 2019, when his petition was denied by the California Supreme Court. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) ("We have noted that a state habeas petition filed *before* the AEDPA statute of limitations begins to run tolls the limitation period."). Edgin had a one-year period, starting from the denial by the California Supreme Court on August 28, 2019, until August 28, 2020 to file his federal petition. The petition filed in October 2020, is untimely.

The next question is whether the August 28, 2020, deadline may be extended on equitable grounds. The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

To satisfy the first prong under *Holland*, a litigant must show that "he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99, 601 (9th Cir. 2020) (en banc) (rejecting prior stop-clock approach for evaluating when a petitioner must be diligent). In determining whether reasonable diligence was exercised, courts should: (1) "'consider the petitioner's overall level of care and caution in light of his or her particular circumstances,'" *id*. at 599 (quoting *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011); and (2) "be 'guided by decisions made in other similar cases . . . with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Id*. (quoting *Fue v. Biter*, 842 F.3d 650, 654

4

(9th Cir. 2016)) (omission in original) (internal quotation marks omitted).  "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance[s], he must also be diligent in actively pursuing his rights." *Id*.; *id*. at 601-02 (finding petitioner did not exercise reasonable diligence where he acted diligently in contacting his attorney to remedy the extraordinary circumstance that he lacked his case file but failed to allege that he acted diligently thereafter in preparing his habeas petition which was filed 364 days after he received his appellate record).

With respect to the second *Holland* prong, equitable tolling is proper "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Smith v. Davis*, 953 F.3d at 600.  "In evaluating whether an 'extraordinary circumstance stood in [a petitioner's] way and prevented timely filing,' a court is not bound by 'mechanical rules' and must decide the issue based on all the circumstances of the case before it." *Id*. (quoting *Holland*, 560 U.S. at 649-50) (alteration in original) (assuming petitioner's allegations as true and assuming that his attorney's failure to contact him for five months after his state appeal was denied was sufficiently egregious to qualify as an "extraordinary circumstance" that created an impediment to filing, satisfying the second prong, but finding petitioner failed to exercise the necessary diligence to satisfy the first prong to warrant equitable tolling).

Edgin originally argued that he was entitled to equitable tolling because his appellate counsel on direct appeal told him that he had 15 months to file a federal habeas petition from the date the California Supreme Court denied review.  Dkt. No. 28 at 4.  Appellate counsel appeared to have been referring to the 90 days after direct review to seek a writ of certiorari from the United States Supreme Court and AEDPA's one-year statute of limitations.  Appellate counsel sent Edgin a letter with this advice on October 23, 2018, approximately six weeks after the California Supreme Court denied review on direct appeal.  It appeared that Edgin misunderstood this letter to mean that he had 15 months from when the California Supreme Court denied his state habeas petition, not the denial on direct review.  As a result, Edgin waited until nearly 15 months after the denial of his state habeas petition by the California Supreme Court to file this federal petition.

5

The Court previously noted that the appellate lawyer's letter in itself was not enough for equitable tolling. Even assuming it was bad advice, which is not entirely clear is true, negligence by an attorney does not amount to an extraordinary circumstance warranting equitable tolling of the limitations period. *See Holland*, 560 U.S. at 652 ("a 'garden variety claim' of attorney negligence" does not warrant equitable tolling of habeas statute of limitations period). The Ninth Circuit has found that an attorney's miscalculation of deadlines relating to the filing of a habeas petition is considered negligence that is not an "extraordinary circumstance" warranting equitable tolling. *See Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (trial counsel's failure to perfect a timely appeal, post-conviction counsel's incorrect advice as to filing deadline for federal petition and two-month delay in providing client files did not warrant equitable tolling).

Edgin also argued that restrictions due to Covid-19 interfered with his ability to access the law library in the fall of 2020. Dkt. No. 26 at 1. Edgin's brother, who is not incarcerated, was helping Edgin prepare the petition, but correspondence via U.S. Mail was also slowed due to Covid-19. Dkt. No. 28 at 2.

With respect to delays Edgin attributed to Covid-19 restrictions at the prison law library and delays in sending and receiving mail, the Court has extended deadlines for similar reasons on many occasions in other cases. The problem here was that Edgin had not shown that these conditions impeded his ability to meet the August 28, 2020, deadline. He said that pandemic restrictions interfered with his ability to access the law library in the fall of 2020, and delayed the mail to and from his brother in September 2020. But the petition was due on August 28, 2020, before these issues. The record did not present facts showing similar impediments prior to that date.

The Court also noted that Edgin must show "that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99, 601. It is not uncommon for events to happen in prison that substantially affect a petitioner's ability to meet a court deadline. These circumstances typically do not support equitable tolling. *See, e.g., Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009)

6

1  (petitioner's nearly three-month stay in administrative segregation with limited access to the law
2  library and a copier did not justify equitable tolling); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th
3  Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a "handful" of reporter
4  volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions
5  are not extraordinary circumstances "given the vicissitudes of prison life").

6  In light of Covid-19 and Edign's lack of information regarding how the pandemic affected
7  his ability to timely file the petition, the Court stated:

> To be sure, the Covid-19 pandemic has been a disruptive event without precedent in recent times. It is possible that Edgin faced extraordinary circumstances imposed by this unexpected public health crisis that genuinely impeded his ability to meet the filing deadline in the months leading up to it. Consequently, in the interests of justice, Edgin will be allowed to file additional briefing addressing the caselaw above and demonstrating extraordinary circumstances in that the pandemic caused him to miss the August 28, 2020, deadline. No new claims may be added.

13 Dkt. No. 29 at 6-7.

14  Edgin has filed additional briefing but has only partially addressed the Court's concerns.
15 The majority of the briefing again focusses on Edgin's belief that he had 15 months to file a
16 federal habeas petition from the date the California Supreme Court denied review. As noted
17 before, it appeared that Edgin believed he had 15 months from when the California Supreme Court
18 denied his state habeas petition, not the denial on direct review. Edgin includes excerpts of a legal
19 handbook that correctly states a habeas petition must be filed within 15 months of the denial of
20 direct review. While Edgin, a non-lawyer, is not fully tracking the legal distinction between direct
21 review and the filing of state habeas petitions, a pro se petitioner's lack of legal sophistication is
22 not, by itself, an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448
23 F.3d 1150, 1154 (9th Cir. 2006).

24  With respect to Covid-19, Edgin presents the same brief arguments from his prior filings.
25 He contends that since September 2020, the pandemic has caused mail to slow down, he had no
26 law library access and he was quarantined for weeks at a time. Dkt. No. 33 at 2. He also notes
27 that he sent a letter to the Court on August 12, 2020 and was informed that "questions about when
28 or what to file should be answered by an attorney." *Id*. at 2.

The statute of limitations expired on August 28, 2020, but Edgin again only presents brief arguments regarding how he was delayed in filing the petition in September 2020, and after. He has not presented any arguments addressing difficulties in filing the petition in the months leading up to the deadline or during the other periods of the one-year period. He fails to demonstrate that he was reasonably diligent in pursuing his rights before and up to the expiration of the statute of limitations, which is required to receive equitable tolling. It is not uncommon for events to happen in prison that substantially affect a petitioner's ability to meet a court deadline, but these circumstances typically do not support equitable tolling. *See Ramirez,* 571 F.3d at 998. Edgin has had several opportunities to demonstrate the need for equitable tolling but he has failed to meet his burden and is not entitled to equitable tolling for the Covid-19 related delays that occurred just after the expiration of the statute of limitations.

**CONCLUSION**

1. Respondent's motion to dismiss (Dkt. No. 24) is **GRANTED** and this case is **DISMISSED**. The Clerk is requested to close the case.

2. A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a COA regarding the procedural holding or the underlying claims of the petition.

**IT IS SO ORDERED.**

Dated: September 24, 2021

JAMES DONATO
United States District Judge